UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRANDON CAIN,

    Plaintiff,

v.

NICK MORAN, et al.,

    Defendants.
_____/

CASE No. 2:22-CV-229

HON. ROBERT J. JONKER

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Vermaat's Report and Recommendation (ECF No. 75); Plaintiff's Objection to the Report and Recommendation (ECF No. 76); and Defendants' response. (ECF No. 79). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds the Magistrate Judge's Report and Recommendation is factually sound and legally correct.

The Report and Recommendation addresses all pending motions. Plaintiff's objections relate solely to the portion of the R&R dealing with the defendants' motion for summary judgment. The Magistrate Judge primarily recommends granting Defendants' motion for summary judgment (ECF No. 62) on the basis of exhaustion and dismissing this case. In so doing, the Magistrate Judge reasons that Grievance KCF-22-10-609-27(b) did not serve to exhaust a retaliation or denial of access to the courts claim. The Magistrate Judge's justifications are two-fold. First, the Magistrate Judge concludes that the grievance itself only indicates that certain property was confiscated; not that there was retaliatory action or that Plaintiff was denied access to the courts. Second, the Magistrate Judge determines that the grievance was not completed until after Plaintiff had filed his original complaint, and that Plaintiff had failed to exhaust any claims before filing his complaint and thus Plaintiff had failed to exhaust his claims. *Mattox v. Edelman*, 851 F.3d 583, 593 (6th Cir. 2017).[1] In his objections, Plaintiff primarily reiterates and expands upon arguments presented in his original response brief. His objections fail to deal in a meaningful way with the Magistrate Judge's analysis.

Plaintiff's objections focus on the Magistrate Judge's conclusion that the 609 grievance failed to properly exhaust a retaliation and access to the courts claims. Plaintiff contends, for example, that in concluding the 609 grievance did not exhaust his claims, the Magistrate Judge

---

[1] The Magistrate Judge further recommends the Court conclude that Plaintiff had failed to exhaust his claim that Defendants retailed against him by issuing a misconduct ticket for smuggling. Plaintiff does not challenge this aspect of the Report and Recommendation in his Objections, and so the Court need not discuss it further.

2

failed to take into account that Plaintiff orally informed each defendant that the documents were needed for legal matters. But there is no such thing as filing an "oral" grievance. *See* PD 03.02.130. While a prisoner is required to attempt to resolve an issue before filing a grievance, the policy directive requires a prisoner to file a written grievance. *Id*. Accordingly, Plaintiff's contention that he exhausted "oral" grievances is meritless. Beyond that, Plaintiff primarily asserts that because the 609 grievance was rejected, he had no grievance remedy. The Magistrate Judge carefully and thoroughly considered this argument and the governing law. The Magistrate Judge properly analyzed Plaintiff's claims. Nothing in Plaintiff's Objections changes the Magistrate Judge's analysis on this point.

Finally, Plaintiff contends that the Magistrate Judge, and the defendants, overlooked a separate grievance that, he says, exhausts his claims. Plaintiff identifies this as Grievance KCF 209-575-28b. Plaintiff says he referenced this grievance in both his original and amended complaint. But if he did, it was done so in only the most oblique manner; and he did not raise any argument regarding the 575 grievance in his responses to the summary judgment motions, doing so here for the first time. The Court has discretion whether to consider the belatedly submitted information. 28 U.S.C. § 636(b)(1)(C) (the District Judge "may . . . receive further evidence."). This discretion prevents sandbagging of the Magistrate Judge, while at the same time leaving the door open to plenary consideration of new information in appropriate cases. Here the information describes in his objections with respect to the 575 grievance has been available to Plaintiff all along, and the record discloses no good reason for the belated submission. Thus the Court is not required to consider it. Beyond that, however, the documents Plaintiff attaches to his objection reflect that the grievance was rejected for being vague. It lacked specific

3

details, dates, and times. Plaintiff's contention that he was precluded from going to Step II of the grievance procedure does not address his failure to meet the Step I requirements. Accordingly, Plaintiff's objections are not persuasive. The Court agrees with the Magistrate Judge that the defense motion should be granted, for the very reasons articulated by the Magistrate Judge.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 75) is **APPROVED AND ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the defense motion for summary judgment on the original complaint (ECF No. 37) is **DISMISSED AS MOOT.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (ECF No. 57) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Sanctions (ECF No. 70) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Sur Reply (ECF No. 71) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 62) is **GRANTED.**

This case is **DISMISSED.** A separate Judgment shall issue.

Dated: December 11, 2023  /s/ Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE